**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02755-JLK-KMT

JONATHAN REYES,

     Plaintiff,

v.

SNOWCAP CREAMERY, INC., EMILY ARNOLD, and ROBERT ARNOLD,

     Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, ECF. DOC. 104**
**AND DISCUSSING OTHER POST-TRIAL ISSUES**

---

Kane, J.

Defendants Snowcap Creamery, Inc., Emily Arnold, and Bob Arnold (collectively "Snowcap") move for a new trial to amend my oral Order and Ruling announced in open court at the conclusion of trial on December 20, 2013 insofar as it held that Plaintiff Jonathon Reyes is entitled to recover overtime for work performed as an hourly employee before his promotion to Kitchen Manager. I decline the invitation. The Order stands. That said, neither Mr. Reyes nor Snowcap has submitted an acceptable draft of Proposed Judgment. The following discusses both my decision to deny a new trial and also the issues presented by the Proposed Judgments.

## A. There are no grounds for a new trial.

### I.     *The ruling at issue.*

At the end of a three day bench trial, I found that Mr. Reyes is entitled to overtime pay under the Fair Labor Standards Act of 1938 (the "FLSA") for work in excess of 40

hours per week performed as an hourly employee for Snowcap.  Plaintiff's Exhibit 12, his

summary of damages, asserted that he worked as an hourly employee from August 25,

2009 through January 23, 2010 and that he is owed overtime of $1475.19 for that period.

I found that Mr. Reyes is entitled to a limited judgment in this amount. Courtroom

Minutes, December 20, 2013.[1]  The instant motion protests that finding and claims that

Mr. Reyes was exempt from the FLSA as a salaried employee beginning in November

2009.

## II.      Legal standard for a Rule 59 motion.

Fed.R.Civ.P. 59(a)(1)(B) and (2) provide:

> (1) Grounds for New Trial. The court may, on motion, grant a
> new trial on all or some of the issues-and to any party-as follows:
>
> > (B) after a nonjury trial, for any reason for which a rehearing has
> > heretofore been granted in a suit in equity in federal court.
>
> (2) *Further Action After a Nonjury Trial*. After a nonjury trial, the court
> may, on motion for a new trial, open the judgment if one has been entered,
> take additional testimony, amend findings of fact and conclusions of law or
> make new ones, and direct the entry of a new judgment.

I have broad discretion in determining whether a new trial is warranted under Rule

59. *McHargue v. Stokes Division of Pennwalt Corp*., 912 F.2d 394, 396 (10th Cir.1990).

Particularly as the *nonjury* trial Rule 59 motion asks the same judge issuing the verdict to

overturn it, it is subject to a high standard.  "A motion for a new trial in a nonjury case or

---

[1] I also found that Mr. Reyes was entitled to recover for his last five days of work, from September 13-17, 2011, because Snowcap had no legal setoff as a result of the denial of Snowcap's counterclaim for $5103 for amounts loaned to Mr. Reyes to fund his efforts to obtain a work visa. The amount owed for the last five days was based on a pro-rated portion of Mr. Reyes's $1100 bi-monthly salary. Mr. Reyes was exempt during that time and no overtime was awarded under the FLSA. Snowcap has paid this $392.86 to Mr. Reyes.

a petition for rehearing should be based upon manifest error of law or mistake of fact, and

a judgment should not be set aside except for substantial reasons." Charles Alan Wright

et al., 11 *Fed. Prac. & Proc. Civ.* § 2804 (3d ed. & 2013 update) (discussing Rule 59 in

nonjury cases); *see Ball v. Interoceanica Co.*, 71 F.3d 73, 76 (2d Cir. 1995) (denying

Rule 59 motion, quoting above *Federal Practice & Procedure* language).

### III.    Analysis

Snowcap's motion offers nothing approaching "manifest error of law or mistake of

fact," nor "substantial reasons." A post-trial motion, it cites almost nothing that happened

at trial.  It conspicuously neglects to cite the barely two-day trial transcript[2], and fails to

note the evidence supporting the verdict they challenge. For example, on the major issue

of whether Snowcap can prove Mr. Reyes was salaried and therefore overtime exempt

before January 24, 2010 (*i.e.*, during the first five months for which I awarded unpaid

overtime), Snowcap admits it does "not recall whether Plaintiff testified at trial that he

did not receive a salary before the actual opening of Parkway Sports Grill on January 24,

2010." Def. Mot. at 10.

In fact, Mr. Reyes testimony was consistent with a salary beginning after the opening

of Parkway Sports Grill ("Parkway"). Mr. Reyes testified at trial that he did not assume

the role of "manager" until after Parkway opened and that he spent the weeks leading up

to Parkway's opening doing unusually heavy overtime manual labor (painting, wood-

working, etc.).  Emily Arnold's deposition testimony similarly states that Mr. Reyes did

---

[2] Trial consisted of a full day on December 18th, a shorter day on December 19th, and barely an hour's testimony the morning of December 20th

not become a salaried employee until February 2010.  Dep. E. Arnold 32:14.  Moreover,

Snowcap offered no pay records for the period before January 24th to rebut Mr. Reyes's

testimony that his initially hourly pay continued until that date.

Essentially ignoring the trial itself, Snowcap focuses on pretrial papers – deposition

transcripts and documents exchanged in discovery. These are the same depositions and

documents that, having been exchanged long before trial, Snowcap cited unsuccessfully

in making the same arguments, particularly regarding estoppel, (a) on the summary

judgment motion they lost, then yet again (b) in the trial brief that preceded the trial in

which it lost the portion of Mr. Reyes's claims they now dispute.   At best, Snowcap's

pretrial evidence suggests that *both* sides presented some mildly inconsistent pretrial

testimony before the parties' trial admissions and trial testimony converged as to the

precise dates Mr. Reyes's overtime, manager title, and salaried period started.

Not only does Snowcap's theory fail to meet Rule 59's threshold of presenting both

"manifest error of law or mistake of fact" and "substantial reasons," but it also falls short

of meeting Snowcap's burden of proving Mr. Reyes was overtime-exempt for a specified

period.  An employer defendant "bears the burden of proving its entitlement to exemption

under a remedial statute that must be narrowly construed." *Fowler v. Incor*, 279 Fed.

Appx. 590, 597 (10th Cir. 2008); *see Lederman v. Frontier Fire Prot'n*, 685 F.3d 1151,

1158 (10th Cir. 2012) ("[Because] 'entitlement to an exemption is an affirmative defense'

. . . [i]t was [Defendants'] burden to establish its entitlement to an exemption from

FLSA's overtime requirements.") (citation omitted). "'[A] silent or ambiguous record' is

not affirmative evidence" of the sort required to find in favor of an exemption affirmative

defense. *Fowler*, 279 Fed. Appx. at 592 (quoting *United States v. Bush*, 405 F.3d 909, 921 (10th Cir. 2005)).  The motion is denied.

## B.  Issues with the parties submitted Proposed Judgment.

### I.    *Mr. Reyes is entitled to liquidated damages under the FLSA.*

The parties dispute whether Mr. Reyes is entitled to liquidated damages in this case. Concerning his unpaid salary, I find no punitive reason to award liquidated damages.  Concerning Mr. Reyes's recovery for his unpaid overtime as an hourly employee, however, I note that liquidated damages are presumed under the FLSA unless the employer shows "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 216(b); 29 U.S.C. § 260. Good faith is a subjective test requiring that "the employer have an honest intention to ascertain and follow the dictates of [the FLSA]." *Dep't of Labor v. City of Sapulpa,* 30 F.3d 1285, 1289 (10th Cir.1994) (quotation omitted).  Reasonableness "imposes an objective standard by which to judge the employer's behavior." *Id.* Only where the court finds that the employer meets this burden, may it, "in its sound discretion," deny liquidated damages. *Pabst v. Okla. Gas & Elec. Co.,* 228 F.3d 1128, 1136 (10th Cir.2000).  Liquidated damages exist in the FLSA context because of "the reality that the retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Renfro v. City of Emporia*, 948 F.2d 1529, 1540 (10th Cir.1991) (internal quotations marks omitted).

Snowcap offered no objectively reasonable basis for not paying overtime to Mr.

Reyes when he was an hourly employee as a line cook.  The only reason that appears in

the record for Snowcap's failure to pay overtime to an hourly cook is the clearly unlawful

position Snowcap admits appeared in its handbook as of early 2010: "There is no

overtime pay as there is no shortage for qualified labor. Any hours worked beyond 40 are

paid straight time and is understood by the employee that the extra hours are a privilege

[sic]." (Snowcap's handbook, in effect as of early 2010, as admitted on cross-

examination by Snowcap.)  Even if Snowcap believed this policy to be lawful,

"[i]gnorance alone will not exonerate the employer under the objective reasonableness

test." *Koellhoffer v. Plotke–Giordani*, 858 F.Supp.2d 1181, 1184 (D.Colo. 2012)(quoting

*Williams v. Tri–Cty. Growers, Inc,* 747 F.2d 121, 129 (3rd Cir.1984)).  Rather, the

objective reasonableness test requires the employer to "take active steps to ascertain the

dictates of the FLSA and then move to comply with them." *Id.* (internal quotations

omitted).  There is no evidence that Snowcap took any "active steps," such as seeking a

governmental or attorney opinion, "to ascertain the dictates of the FLSA."  Accordingly, I

hold that Mr. Reyes is entitled to liquidated damages for his unpaid overtime in violation

of the FLSA before January 24, 2010.

## II.     *Mr. Reyes may recover reasonable attorney fees and costs as a prevailing party.*

Although Mr. Reyes won only a fraction of the wages sought, "a party need

not prevail on every issue to be considered a Rule 54(d) prevailing party." *Cantrell v.

IBEW*, 69 F.3d 456, 458 (1995).  Because Mr. Reyes proved violations of both the federal

(count I) and the state (counts II-III) statutes sued upon,[3] he is a prevailing party.  In an FLSA case, "[t]he court … shall, in addition to any judgment awarded …, allow a reasonable attorney's fee (sic) to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Therefore, Mr. Reyes may file an application for reasonable attorney fees and costs within 30 days from the date of this Order.  Snowcap shall respond within 15 days of the filing of Mr. Reyes's application.  As Mr. Reyes notes, factors relevant to the fee amount remain to be analyzed.  For example, given that Mr. Reyes recovered significantly less than he sought, a reduction by some as yet to be determined amount will be appropriate.

> III.     *Snowcap is not liable under both federal and state law for Second Claim for Relief under the Colorado Minimum Wage Order.*

Mr. Reyes argues that he may recover for his Second Claim for Relief under the Colorado Minimum Wage Order as well as under his First Claim for Relief under the FLSA.  He is mistaken.  A plaintiff proving unpaid wages cannot simultaneously prevail under *both* federal and state statutes.  The law is clear: "22. Dual Jurisdiction: Whenever *employers are subjected to both* federal and Colorado law, the law providing greater protection or setting *the higher standard shall apply*." 7 Colo. Code Regs. 1103-1(22) (emphases added).

In summary, Snowcap's Motion for a New Trial, Doc. 104, is DENIED.  Snowcap shall file an Amended Proposed Judgment consistent with this Order on or before April

---

[3] Although Mr. Reyes proved violations of f both the federal (count I) and the state (counts II-III) statutes sued upon, he may only recover under counts I & III as discussed in Section B.III *infra.*

15, 2014.  Mr. Reyes may, within 10 days of the filing of Snowcap's Amended Proposed

Judgment, file a Response and counterproposal.


DATED:        March 20, 2014              BY THE COURT:

                                          ***s/John L. Kane***
                                          John L. Kane, U.S. Senior District Judge